Pearson, J.
 

 When this case was before us, at August Term, 1850, it was held, that trover could not be maintained. Afterwards, under leave to amend, the plaintiff withdrew the declaration in trover, and filed a declaration in case with two counts;
 
 first,
 
 that there was a corrupt combination between the defendants, to defraud the plaintiff out of his debt, by defeating him in its collection, and appropriating it to their own use.
 
 Second,
 
 because the fraudulent efforts of the defendants had obscured the plaintiff’s right and delayed the collection of the debt, so that though in the mean time it might otherwise have been made fully available, it had become valueless. The Judge in the court below was of opinion, that the action in this new form could be maintained, if supported by the evidence. We are of a different opinion. If (as had been decided) the plaintiff cannot maintain trover, we are not able to see any ground, upon which the action in its present form can be maintained. There is no doubt, that the plaintiff has a good cause of action against Potts, upon his undertaking to collect the note, but the plaintiff’s object is to reach Penland, and the question is, do the facts show a good cause of action ? Suppose two men persuade a debt- or not to make payment and in fact forbid his doing so, has the creditor any cause of action ? What hinders him from coercing payment by execution ? In the case before us there is no evidence that the debtor had the money and was going to pay it, but the evidence is simply that he had property, out of which the money could have been made
 
 *457
 
 by execution. From this state of facts it is to be inferred, that the debtor lent a listening ear to the defendants when they forbid his paying to the plaintiff, and was quite as attentive to the plaintiff when he forbid his paying to the defendants. Rut we are not able to see any ground, upon which the plaintiff can make out a cause of action. It is true that the effort, to prevent the debtor from making payment, was seconded by the fact, that one of the defendants had possession of the paper, on which the magistrate had entered his memorandum of the judgment, but we are not able to see how that can alter the case and make out a cause of action.
 

 It is also true, that the defendant, Penland, had erased and altered this paper, so as to make it purport to be a judgment in favor of one Allen. But we are not able to see, how that can make out a cause of action. It was in, the power of the'plaintiff to sue out a warrant upon the former judgment, and summons the defendants to produce the paper, or to prove its destruction, so as to let in secondary evidence .of its contents, and thus he would have had a new judgment upon which execution could have issued and the money have been made, the persuasion and forbidding of the defendants to the contrary notwithstanding. So that, if the plaintiff has sustained a loss, it is fairly attributable to his own folly. We can find no principle upon which the action can be maintained. There is error.
 

 Per CuRiam. Judgment leversed and
 
 venire de novo
 
 awarded.